# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| FACIAL SURGERY GROUP, P.C., | ) Case No. 4:23-cv-00766 |
| Plaintiff, | ) |
| v. | ) |
| | ) **Jury Trial Request** |
| PLAZA FACIAL SURGERY, LLC, | ) |
| Defendant. | ) |
| **SERVE:** | ) |
| National Registered Agents, Inc. | ) |
| 120 South Central Avenue | ) |
| Clayton, MO 63105 | ) |

## PLAINTIFF FACIAL SURGERY GROUP, P.C.'S COMPLAINT AGAINST PLAZA FACIAL SURGERY, LLC

Plaintiff Facial Surgery Group, P.C. ("Facial Surgery Group"), for its causes of action against Defendant Plaza Facial Surgery, LLC ("PFS"), states as follows:

## PARTIES

1. Plaintiff Facial Surgery Group, P.C. is a professional corporation with its principal place of business located at 4700 Belleview, Suite L10 in Kansas City, Missouri 64112.

2. Upon information and belief, Defendant Plaza Facial Surgery, LLC, is a Missouri limited liability company with its principal place of business located at 4225 Baltimore Avenue, Kansas City, Missouri 64111-2304.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over Count I pursuant to 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1331 and 1338(a) because it arises under the

federal Lanham Act, 15 U.S.C. §§ *et. seq*. The Court has original and supplemental subject matter jurisdiction over Counts II through IV pursuant 28 U.S.C. § 1367(a); these claims are so related to Count I, over which the Court has original subject matter jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

4. PFS is subject to this Court's specific and general personal jurisdiction under the principles of due process because acts of trademark infringement, unfair competition, and dilution alleged in this action occurred in this District and because PFS's principal place of business is located in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Facial Surgery Group's claims occurred in this District and because PFS is subject to personal jurisdiction in this District. Venue is proper in this Division under L.R. 3.2(b)(1) because PFS's principal place of business is located in Jackson County.

## FACTS

6. Facial Surgery Group provides oral and maxillofacial surgery services in the Kansas City metropolitan area at its three locations, including but not limited to at its main office located on the Country Club Plaza in Kansas City, Missouri.

7. Facial Surgery Group's physicians also provide their oral and maxillofacial surgery services as part of the Kansas City Cleft and Craniofacial Care Program at Overland Park Regional Medical Center in Overland Park, Kansas.

8. Facial Surgery Group employs physicians with certifications in advanced medical techniques and practices.

9. Facial Surgery Group has state of the art diagnostic and imaging tools that allow its surgeons to accurately treat patients.

10. Since 1994—including at its main office located at the Country Club Plaza—Facial Surgery Group has exclusively used the mark FACIAL SURGERY GROUP as a trade name and service mark in conjunction with its business and services in the Kansas City metropolitan area.

11. By virtue of its long and exclusive use of the mark FACIAL SURGERY GROUP with its services (*i.e.*, for approximately twenty-nine years), Facial Surgery Group has acquired significant name recognition, distinctiveness, and goodwill in the mark FACIAL SURGERY GROUP as a symbol of source.

12. Residents, patients, prospective patients, and referral sources in and around the Kansas City metropolitan area (including in both Missouri and Kansas) have come to recognize the mark FACIAL SURGERY GROUP as being associated exclusively with Facial Surgery Group.

13. Facial Surgery Group's numerous patients, prospective patients, referral sources, and referrals reside in various locations in Missouri and Kansas, including but not necessarily limited to the Kansas City metropolitan area.

14. Facial Surgery Group's patients, prospective patients, and referrals regularly travel from Kansas to Missouri to one of Facial Surgery Group's locations for Facial Surgery Group's services.

15. For example, Facial Surgery Group regularly treats patients who are residents of Kansas at its main office located at the Country Club Plaza in Kansas City, Missouri.

16. As another example, Facial Surgery Group's physicians regularly treat patients who are residents of Missouri at the Kansas City Cleft and Craniofacial Care Program at Overland Park Regional Medical Center in Overland Park, Kansas.

17. Facial Surgery Group is nationally recognized for its experience, skill, and knowledge. For example, Facial Surgery Group has been recognized by Nobel Biocare as being an "All-on-Four® Center of Excellence."[1]

18. Facial Surgery Group's physicians publish in national medical publications, including, but not limited to The Journal of Craniofacial Surgery.[2]

19. Facial Surgery Group directly advertises its services using the mark FACIAL SURGERY GROUP to patients, prospective patients, and patient referral sources in the Kansas City metropolitan area (including in both Missouri and Kansas).

20. Facial Surgery Group's physicians have recently given presentations at out-of-state events that enjoy national and international audiences, including at: the American Association of Oral and Maxillofacial Surgeons' (AAOMS)[3] national annual meeting, held in early October, in 2020 (virtually) and in 2021 in Nashville, Tennessee; and at the Operation Re-dentulate Central America Association (ORRCA) mission trip in Guatemala in February 2023.

21. Facial Surgery Group's national reach is further evidenced by the fact that its services and/or website (available at www.bestoralsurgerykc.com) are featured and

---

[1] *See generally* https://www.nobelbiocare.com/en-us/find-all-on-4-center (last accessed Oct. 19, 2023).
[2] *See, e.g.*, Stephen D. Moreno, D.D.S., Patrick Christopher, D.D.S., M.D., *et al.*, *Congenital Midline Cervical Cleft (CMCC): Z-Plasty Versus Linear Cutaneous Repair*, J. Craniofacial Surgery Vol. 34 No. 1, e38 (Jan./Feb. 2023).
[3] AAOMS is a professional organization that represents over 9,000 oral and maxillofacial surgeons in the Unites States. *See* https://www.aaoms.org/about.

linked on several other organizations' websites including: HCA Midwest Health,[4] North Kansas City Hospital,[5] and St. Luke's.[6]

22. Upon information and belief, defendant PFS began offering its oral and maxillofacial surgery services under the mark PLAZA FACIAL SURGERY in the Kansas City metropolitan area in or around June of 2022.

23. Upon information and belief, PFS adopted and uses the mark PLAZA FACIAL SURGERY to willfully and intentionally confuse, deceive, and mislead patients, prospective patients, and referral sources located in Missouri and Kansas, including but not necessarily limited to the Kansas City metropolitan area, in an effort to capitalize off of Facial Surgery Group's positive reputation and goodwill associated with the mark FACIAL SURGERY GROUP.

24. PFS uses the mark PLAZA FACIAL SURGERY to promote, market, advertise, and offer its oral and maxillofacial surgery services in the Kansas City metropolitan area, including on its website available at www.plazafacialsurgery.com.

25. PFS's office is located on the Country Club Plaza, and less than one and a half miles from Facial Surgery Group's main office located on the Country Club Plaza.

26. Upon information and belief, PFS's patients, prospective patients, and referral sources reside in various locations in Missouri and Kansas, including but not necessarily limited to the Kansas City metropolitan area, and travel to PFS's location on the Country Club Plaza for PFS's services.

---

[4] *See* https://hcamidwest.com/physicians/profile/Dr-Patrick-Christopher-MD (last accessed Oct. 19, 2023); https://hcamidwest.com/physicians/profile/Dr-Zachary-L-Brown-DDS-MD (last accessed Oct. 19, 2023).
[5] *See* https://www.nkch.org/find-a-provider/profile/patrick-d-christopher-oral-maxillofacial-surgery (last accessed Oct. 19, 2023); https://www.nkch.org/find-a-provider/profile/zachary-l-brown-oral-maxillofacial-surgery (last accessed Oct. 19, 2023).
[6] *See* https://doctors.saintlukeskc.org/provider/Zachary+L+Brown/1768396 (last accessed Oct. 19, 2023).

27. PFS's use of the mark PLAZA FACIAL SURGERY is likely to cause confusion, to cause mistake, to deceive, and has already caused the same, in relation to the source of the origin of the services PFS provides. The fact that PFS's location is on the Country Club Plaza and is in very close proximity to Facial Surgery Group's location on the Country Club Plaza serves only to exacerbate these problems.

28. Upon information and belief, PFS has received calls from existing patients, prospective patients, and/or referral sources of Facial Surgery Group who mistakenly believed they were calling Facial Surgery Group.

29. Upon information and belief, Facial Surgery Group's patients, prospective patients, and/or referral sources have mistakenly sent thank-you cards to PFS that were intended for Facial Surgery Group.

30. PFS's patients, prospective patients, and/or referral sources have also mistakenly sent thank-you cards to Facial Surgery Group that were intended for PFS.

31. Existing and/or prospective patients of PFS have also been confused, mistaken, and/or deceived by PFS's use of the mark PLAZA FACIAL SURGERY. For example, each month, Facial Surgery Group receives roughly thirty or more calls from existing and/or prospective patients of PFS that are intended for PFS.

32. As another example of actual confusion, as recently as September of 2023, one of PFS's patients left the following online Google review that—while intended for PFS—was left under Facial Surgery Group's Google Business Profile:





This office is a pleasure to go to. First time there. Wonderful, friendly staff all the way around from booking the appointment to seeing the doctor. Dr. Daifallah was wonderful. At my consult he really listened, answered all my questions, and I did not feel rushed at all.

33. As another example of actual confusion, when PFS held its open house, multiple referral sources (*e.g.*, other medical providers) mistakenly went to Facial Surgery Group's main office on the Plaza in an effort to attend PFS's open house. Other referral sources mistakenly contacted Facial Surgery Group with questions or comments about the open house in an effort to contact PFS.

34. Even construction contractors hired by PFS have been confused by PFS's use of the mark PLAZA FACIAL SURGERY as evidenced by the fact that they have contacted Facial Surgery Group in an effort to try to reach PFS on numerous occasions.

35. Moreover, even candidates for job openings at PFS have been confused by PFS's use of the mark PLAZA FACIAL SURGERY. For example, in and around October of 2023, approximately six candidates for job openings at PFS mistakenly went to Facial Surgery Group's office on the Plaza for their interviews with PFS.

36. On or about August 25, 2022, Facial Surgery Group sent PFS a letter demanding that PFS cease all use of the mark PLAZA FACIAL SURGERY in connection with its services; that it cease using the mark PLAZA FACIAL SURGERY in

or on product literature, catalogs, websites, social media accounts, and any other advertising materials; and that it provide a signed statement verifying compliance with the foregoing and agree not to further use the mark PLAZA FACIAL SURGERY going forward and agree not to infringe Facial Surgery Group's rights in the mark FACIAL SURGERY GROUP in the future.

37. To date, in spite of substantial ongoing actual confusion, PFS continues to use the mark PLAZA FACIAL SURGERY to market, promote, and advertise its oral and maxillofacial surgery services in Missouri and Kansas, including at least in the Kansas City metropolitan area, and to refuse to comply with Facial Surgery Group's demands.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION – 15 U.S.C. § 1125(a)

38. Facial Surgery Group incorporates by reference the allegations of Paragraphs 1 through 37 as if fully set forth herein.

39. Facial Surgery Group is the owner of the FACIAL SURGERY GROUP mark and has used the mark continuously in commerce for approximately twenty-nine (29) years in connection with the services, marketing, advertising, and promotion of its oral and maxillofacial services.

40. Facial Surgery Group's use of the FACIAL SURGERY GROUP mark in commerce has priority over and precedes PFS's use of the mark PLAZA FACIAL SURGERY.

41. PFS has used and continues to use its confusingly similar mark in commerce in connection with its oral and maxillofacial surgery services.

42. The mark PLAZA FACIAL SURGERY is substantially similar in appearance, sound, meaning, and commercial impression with the mark FACIAL SURGERY GROUP. The dominant component of each of these marks are the same (i.e., the words "FACIAL" and "SURGERY").

43. PFS's use of its confusingly similar mark in connection with its oral and maxillofacial surgery services has caused and is likely to continue to cause confusion, mistake, and/or deception among its patients and the general public as to whether some affiliation, connection, or association exists between PFS and Facial Surgery Group and/or as to the origin, sponsorship, or approval of PFS's services by Facial Surgery Group.

44. PFS's use of the mark PLAZA FACIAL SURGERY in connection with its oral and maxillofacial surgery services constitutes trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

45. PFS's unlawful acts described above have caused, and unless enjoined by the Court, will continue to cause substantial and irreparable harm to Facial Surgery Group and its business, reputation, and goodwill for which there is no adequate remedy at law.

46. PFS's unlawful acts described above are intentional, willful, and malicious.

47. Facial Surgery Group is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, PFS's profits, enhanced profits and damages, costs, and attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

# COUNT II
## MISSOURI LAW AND/OR COMMON LAW TRADEMARK INFRINGEMENT

48. Facial Surgery Group incorporates by reference the allegations of Paragraphs 1 through 47 as if fully set forth herein.

49. Facial Surgery Group owns and enjoys common law trademark rights in Missouri in the mark FACIAL SURGERY GROUP. These common law rights are superior to any rights which PFS may claim.

50. PFS's use of the mark PLAZA FACIAL SURGERY in relation to the advertising and promotion of its oral and maxillofacial surgery services in the Kansas City metropolitan area is likely to cause confusion, to cause mistake, to deceive, and has already caused the same, in relation to the source or origin of the services provided.

51. PFS's use of the mark PLAZA FACIAL SURGERY is without the consent of Facial Surgery Group.

52. PFS's acts were being and are being committed with knowledge that its use of the mark PLAZA FACIAL SURGERY is intended to cause confusion, mistake, or to deceive.

53. PFS's acts are willful and deliberate.

54. Such use in violation of Mo. Rev. Stat. §§ 417.056, 417.061, 417.066, and/or common law.

55. Facial Surgery Group is suffering, and will continue to suffer, damage and irreparable harm due to PFS's wrongful conduct. PFS's actions are intentional and willful and warrant the imposition of actual damages and/or the award of PFS's profits to Facial Surgery Group.

## COUNT III
## MISSOURI LAW AND/OR COMMON LAW TRADEMARK DILUTION

56. Facial Surgery Group incorporates by reference the allegations of Paragraphs 1 through 55 as if fully set forth herein.

57. PFS's use of PLAZA FACIAL SURGERY in relation to its oral and maxillofacial surgery services has resulted in, and is likely to continue to result in, injury to Facial Surgery Group's business reputation and dilution of the distinctive quality of Facial Surgery Group's strong mark FACIAL SURGERY GROUP.

58. As a result of these activities, PFS has diluted Facial Surgery Group's trademark rights in violation of Mo. Rev. Stat. § 417.061.

59. PFS's acts are willful and deliberate.

60. If PFS's acts are allowed to continue, such acts will tend to dilute and diminish the uniqueness and individuality of Facial Surgery Group's highly distinctive mark and cause irreparable harm and damages to Facial Surgery Group.

61. Facial Surgery Group is suffering, and will continue to suffer, damage and irreparable harm due to PFS's wrongful conduct.

## COUNT IV
## MISSOURI LAW AND/OR COMMON LAW UNFAIR COMPETITION

62. Facial Surgery Group incorporates by reference the allegations of Paragraphs 1 through 61 as if fully set forth herein.

63. Facial Surgery Group owns and enjoys rights in Missouri as to its mark FACIAL SURGERY GROUP in relation to oral and maxillofacial surgery services. These rights are superior to any rights which PFS may claim.

64. PFS's use of the mark PLAZA FACIAL SURGERY in relation to advertising and promotion of its oral and maxillofacial surgery services in Missouri is an attempt to pass off its services as those of Facial Surgery Group.

65. By the aforesaid acts, PFS has engaged in unfair competition.

66. Facial Surgery Group is suffering, and will continue to suffer, damage and irreparable harm due to PFS's wrongful conduct. PFS's actions are intentional and willful and warrant the imposition of actual damages and/or the award of PFS's profits to Facial Surgery Group.

## DEMAND FOR JURY TRIAL

Facial Surgery Group demands trial by jury on issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Facial Surgery Group prays for the following relief:

A. Judgment on its behalf and against PFS on each Count;

B. Preliminary and permanent injunctive relief enjoining PFS, as well as its officers, agents, servants, employees, attorneys, successors, and assigns and those persons in active concert or participation with them from using the mark PLAZA FACIAL SURGERY or any other term substantially likely to cause confusion, mistake, or deception related to Facial Surgery and/or Facial Surgery Group's use of the mark FACIAL SURGERY GROUP;

C. An order requiring PFS to remove all signs and other advertisements that reference by words or design the mark PLAZA FACIAL SURGERY or use any other term likely to cause confusion, mistake, or deception related to Facial Surgery and/or Facial Surgery Group's mark;

D. An order permanently enjoining PFS from engaging in any activity that infringes Facial Surgery Group's rights in its FACIAL SURGERY GROUP mark; engaging in any activity that constitutes unfair competition with Facial Surgery Group; and/or engaging in any activity that is likely to dilute the distinctiveness of Facial Surgery Group's mark, FACIAL SURGERY GROUP;

E. An order permanently enjoining PFS from making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) PFS's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Facial Surgery Group;

F. An order permanently enjoining PFS from registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark FACIAL SURGERY GROUP or any other mark that infringes and/or is likely to be confused with Facial Surgery Group's mark FACIAL SURGERY GROUP;

G. An order permanently enjoining PFS from using in connection with any sponsored advertising on the internet, purchasing the FACIAL SURGERY GROUP mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Facial Surgery Group's mark FACIAL SURGERY GROUP, or using any of these marks in any source code or otherwise using the marks in such a way that a search for Facial Surgery Group on the internet will cause any domain name or website of PFS to appear in search results;

H. An order permanently enjoining PFS from secreting, destroying, deleting, altering, or removing any books, records, or documents (electronic or otherwise) that

contain any information relating to the manufacturing, importing, distributing, marketing, promoting, offering for sale, or selling any other products or services that bear, contain, display or use PFS's mark PLAZA FACIAL SURGERY or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Facial Surgery Group's mark FACIAL SURGERY GROUP; and aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (A) through (H).

I. In accordance with Section 36 of the Lanham Act, 15 U.S.C. § 1118, directing that PFS, at its own expense, recall and deliver up to Facial Surgery Group's counsel for destruction all other goods, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that bear, contain, or display the PLAZA FACIAL SURGERY mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Facial Surgery Group's mark FACIAL SURGERY GROUP, that are in PFS's possession, custody, or control and all means of making the same.

J. Ordering PFS to permanently delete and remove from all search engines, blogs, social media, or websites on or through which PFS has advertised or sold its services or that are within PFS's control, all or any other products that bear, contain, or display PLAZA FACIAL SURGERY or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's display Facial Surgery Group's mark FACIAL SURGERY GROUP.

K. Pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), directing PFS to file with the court and serve upon Facial Surgery Group's counsel within thirty

CORE/3525840.0003/178749102.9        14
Case 4:23-cv-00766-FJG   Document 1   Filed 10/25/23   Page 14 of 16

(30) days after service on PFS of an injunction in this action, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which PFS has complied therewith.

L. Awarding Facial Surgery Group: PFS's profits, Facial Surgery Group's damages, the costs of the action, and any other damages available pursuant to Sections 35(a) and 35(b) of the Lanham Act (15 U.S.C. §§ 1117(a), (b)), the common law, Missouri State law, and/or any other applicable federal law.

M. Declaring this to be an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Facial Surgery Group its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)), the common law, Missouri State law, and/or any other applicable federal law.

N. Awarding Facial Surgery Group interest, including prejudgment and post-judgment interest, on the foregoing sums.

O. An award of actual damages in an amount adequate to compensate Facial Surgery Group for PFS's wrongful acts;

P. An award of Facial Surgery Group's lost profits;

Q. An award of Facial Surgery Group's attorneys' fees and costs; and

R. An award of such other relief as the Court may deem just and equitable under the circumstances.

CORE/3525840.0003/178749102.9
15
Case 4:23-cv-00766-FJG   Document 1   Filed 10/25/23   Page 15 of 16

Respectfully submitted,

**STINSON LLP**

By:   */s/ Colin W. Turner*
    Colin W. Turner, MO Bar # 66418
    1201 Walnut Street, Suite 2900
    Kansas City, MO 64106
    Tel: (816) 842-8600
    Fax: (816) 691-3495
    colin.turner@stinson.com

    Adrianna M. Chavez
    1850 N. Central Avenue, Suite 2100
    Phoenix, AZ 85004
    Tel: (602) 279-1600
    Fax: (602) 240-6925
    adrianna.chavez@stinson.com
    *Pro Hac Vice application forthcoming*

    ***Attorneys for Facial Surgery Group, P.C.***

CORE/3525840.0003/178749102.9
16
Case 4:23-cv-00766-FJG    Document 1    Filed 10/25/23    Page 16 of 16